IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRANDON ROBERTS,
    Plaintiff

v.                               CIVIL ACTION NO. AW-12-cv-2474

McKENZIE,[1] et al.,
    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **MEMORANDUM OPINION**

Seeking damages, Plaintiff Brandon Roberts filed suit against Defendants Wilt, Dorcun, Adam, McKenzie, Stouffer, and Rowley[2] in the Circuit Court for Baltimore City, Maryland on April 25, 2012. ECF No. 2. Roberts alleged that on January 20, 2009, while he was housed at the North Branch Correctional Institution ("NBCI") on the segregation tier, Defendants McKenzie, Dorcun, Adam and Wilt used excessive force against him. He also claims his constitutional rights were violated in other respects. *Id*. On August 15, 2012, Defendant McKenzie removed the matter to this Court. ECF No. 1.

Defendants, by counsel, have filed a Motion to Dismiss, or in the Alternative for Summary Judgment. ECF No. 19. Plaintiff has responded.[3] ECF Nos. 21 & 23. After review of

---

[1] The Clerk shall amend the docket to reflect the full names of Defendants, CO II Christopher McKenzie, Co II Justin Adam, Lt. Bradley Wilt, and CO II Thomas Dorcun.

[2] Plaintiff also named two "John Doe" Defendants who were never identified nor served with process. They are therefore dismissed.

[3] Plaintiff has filed a Motion for Order Compelling Defendants for the Release of the Housing Unit Surveillance Disk and also requesting that Defendant's Exhibit 6 be stricken. ECF No. 24. Defendants have responded indicating that the requested items either do not exist or are not relevant to Plaintiff's case as they do not depict the incidents alleged. ECF No. 27. For reasons apparent in the following Memorandum the Motion to Compel is denied as moot. The Motion to Strike is denied as to Exhibit 6 (the video of Plaintiff's placement in the double cell) is relevant and admissible evidence.

Plaintiff has also filed a Motion for Temporary Restraining Order wherein he seeks the release of his word processor. ECF No. 25. Defendants have responded. ECF No. 29. Plaintiff has filed a reply and Defendants have filed a surreply. ECF Nos. 30-32. As a preliminary injunction temporarily affords an extraordinary remedy prior to

the pleadings, and applicable law, the Court determines that a hearing is unwarranted. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the Motion to Dismiss, construed as a Motion for Summary Judgment, will be GRANTED.

**Background**

Roberts, an inmate confined at ("NBCI"), alleges that on January 20, 2009, his constitutional rights were violated by Defendants Adams, Dorcun, McKenzie, Rowley, Stouffer, and Wilt. Plaintiff states that he was deprived of fresh air due to inadequate ventilation, locked windows and use of chemical agents. He also alleges he was denied medical treatments after Defendants used excessive force on him. He claims that Stouffer failed to properly train, supervise or discipline his subordinates. ECF No. 2.

Defendants' version of events is substantially different. On January 20, 2009, Plaintiff was housed on the disciplinary segregation unit at NBCI. ECF No. 19, Ex. 1. In compliance with a scheduled operation to reassign inmates in the unit, Plaintiff was reassigned from a single cell to a double cell. *Id.*, Exs. 1-5. To effectuate his cell move, Plaintiff was restrained by being handcuffed behind his back with a tether attached, in compliance with existing protocol. *Id.*,

---

trial than the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292-93 (4th Cir. 2011). Plaintiff indicates he needs his word processor so that he can complete papers regarding a collateral attack on his state of Massachusetts criminal conviction. Documents from the Massachusetts case indicate that "to the extent appellant may seek to file documents in handwritten form, he must seek leave of this court to do so." ECF No. 25, Ex. 3. Plaintiff has not provided any information that he has requested leave to do so or been denied such a request. To the contrary, Plaintiff indicates that the Massachusetts court has inquired regarding Plaintiff's access to typewriters and word processors. ECF No. 30. Plaintiff also concedes that the request is entirely unrelated to the instant proceedings. ECF No. 30. Plaintiff is free to file a new civil rights complaint if he believes his rights are being violated by the withholding of his word processor. In short, the conditions set out by Plaintiff do not warrant immediate emergency relief.

Exs. 2-5. The tether is used to secure inmates in their cell, in order to keep control of the inmate and permit the safe removal and retrieval of the handcuffs. Inmates place their hand in a door slot to allow removal of the handcuffs. *Id*. Defendants aver that Plaintiff briefly resisted the removal of his handcuffs. *Id*.

Defendants aver that the only physical contact used was the amount necessary to maintain control over Plaintiff and ensure his compliance with the removal of his handcuffs. *Id.*, Ex. 2, 3, & 5. Video of Plaintiff being moved between cells, shown to Plaintiff on December 18, 2012 (ECF No. 23), supports Defendants' version of events. ECF No. 19, Ex. 6. Plaintiff disputes that the video provides a proper account of the incident. ECF No. 23. Defendants Adams, Dorcon, McKenzie and Wilt aver that they did not assault harass, provoke or intentionally intimidate Plaintiff and did not witness anyone else assault, harass, provoke or intentionally intimidate Plaintiff. ECF No. 19, Ex. 2-5. The officers aver they have been properly trained on the use of force. *Id*.

The January 20, 2009, use of force log records four separate incidents occurring on the disciplinary segregation tier. *Id.*, Ex. 7. The use of chemical agents or pepper spray is recorded on the log. There is no indication in the log that any chemical or pepper agents were used during the January 20, 2009 incidents. No chemical agents or pepper spray were dispersed near Plaintiff. And the ventilation system was working property on January 20, 2009. *Ids*., Ex. 2-5 & 8. Windows at NBCI were sealed at that time to conserve energy during the winter months. *Id*., Ex. 8.

Plaintiff did not complain of any injury, pain or difficulty breathing to Defendants and the video does not show him in any distress. *Id*., Ex. 2-6. Plaintiff filled out a sick call slip on

January 22, 2009, claiming he was suffering swelling to arms and elbows, bruising and minor cuts with pain to his wrists. He was seen by medical staff on January 28, 2009. *Id*., Ex. 9. The medical records record no evidence of swelling, bruises, or scratches, and it was noted that Plaintiff's respiration was normal and he was not in distress at the time of the examination. *Id*.

On January 11, 2009, Plaintiff requested to see psychology staff but did not provide a basis for his request. *Id*., Ex. 10. He was seen at the mental health unit on February 25, 2009 and expressed an intent to use physical violence against others as a method to achieve single cell status. He did not express suicidal or homicidal ideation. *Id*.

**Standard of Review**

A. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc.

12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at

5

678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

B.  Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and

citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007), citing *Owens v. Okure,* 488 U.S. 235, 249-250 (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280 (1985). In Maryland the applicable statute of

7

limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Proc. Code Ann.§ 5-101.

Plaintiff alleges that he was subjected to excessive force on January 20, 2009. Plaintiff did not file his complaint in state court until April 25, 2012. ECF No. 2. The Court observes that the cover letter accompanying the Complaint, as well as the Complaint is dated January 12, 2012. ECF No. 2. The documents are not stamped as received for filing until April 25, 2012. *Id*. There is no envelope to indicate when it was received by prison officials or the post office. *Id*.

A self-represented inmate is entitled to the benefit of the prison mailbox rule, under which the court regards a petition or motion as having been filed when delivered to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (finding that under appellate rule requiring habeas corpus appeals to be filed within thirty days, pro se prisoner's notice of appeal was filed at moment of delivery to prison authorities for mailing to district court). However, it is generally presumed that a piece of mail will be received by the addressee within a reasonable time after mailing, "equivalent to that normally required for a letter to pass through the mail." *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F.Supp.2d 909, 916-17 (E.D.Va. 2004) (noting a presumption that a notice of judgment will be received within a reasonable time of between three and seven days after mailing). When a court does not receive a pleading within a reasonable time after the date upon which an inmate claims to have mailed it, it is appropriate to require independent proof of the mailing date, such as mail logs, prison trust fund records, or receipts for postage, before giving the inmate the benefit of the prison mailbox rule. *See Smallwood v. Young*, 425 F.Supp. 2d 717, 727 (E.D. Va. 2006). Plaintiff has come forward with no such evidence.

8

Accompanying Plaintiff's state court Complaint is a letter to the Clerk of the Court for the Circuit Court for Baltimore City from Plaintiff dated April 18, 2012, wherein he states he is resubmitting the Complaint that "was filed before this Court on January 20, 2012. Currently, I am requesting that the complaint be deemed docketed and/or filed on the date stated earlier, being that the statute of limitations expired on that date." ECF No. 2, p. 13. Plaintiff then states that he was "recently" given back the Complaint and had to obtain copies to file an additional Complaint. He states that he "would file additional pleadings and evidence to this effect with the court if necessary, and raise equitable tolling claims." *Id*. p. 14. This, however, Plaintiff has failed to do. Plaintiff offers no information as to when he attempted to first file the Complaint, who he delivered the Complaint to, or when. Nor does Plaintiff explain when or why, the complaint was returned to him, or who did so. In order for Plaintiff to receive the benefit of the mail box rule announced in *Houston v. Lack*, he must use the system designed by the Division of Correction for legal mail. *See United States v. Bell*, 203 . Supp 2d 1287, 1291 (S.D. 2001) (rejecting compliance argument when Petitioner simply handed his "motion to a counselor with no apparent authority to mail the document.")

Despite having filed multiple affidavits as well as documentary evidence addressing the merits of his claim, Plaintiff has failed to offer any evidence to refute Defendants' contention that his claim is time barred. The Court finds that the Complaint is filed outside the applicable statute of limitations and the complaint shall be dismissed on that basis alone.

A separate Order follows.

Dated: June 19, 2013                                              /s/
                                                    Alexander Williams, Jr.
                                                    United States District Judge